NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—October, 1882.

### DIEBOLD v. IMHOF.

*In the matter of the judicial settlement of the account
of the executors of, and trustees under the will of*
JOHN F. L. DOHRENWEND, *deceased.*

Testator, by his will, (1) gave the bulk of his estate to trustees, of whom
his widow was named as one, directing her to retain, out of the in-
come of the realty, $25 per week, for the support of herself during
her natural life or widowhood, and of their son G., during his
minority; (2) provided that, upon the death or re-marriage of the
widow, the income of the estate be equally divided among his four
children, of whom G. only was an infant; and (3) authorized the
trustees to pay such additional sums as might be necessary for G.'s
education and maintenance during his minority. The widow died
before G. became of full age.—

*Held,* that the trustees, authority to make such additions to G.'s income
ceased with the widow's death.

CONSTRUCTION of decedent's will upon judicial settle-
ment of account of Rosa Imhof and others, trustees
thereunder; to which objections were filed by Jose-
phine Diebold, a legatee and *cestui que trust.* The
facts appear sufficiently in the opinion.

CHAS. K. LEXOW, *for trustees.*

GEO. C. KOBBE, *for objector.*

HENRY WOOD, *special guardian.*

THE SURROGATE.—By the fourth clause of his will,
the decedent, after placing all his estate except certain
specified legacies in the hands of trustees, directs that

his widow, who is named as one of such trustees, out of the income of the real estate, shall retain $25 per week "for her support and maintenance *during the term of her natural life*, or so long as she remain my (his) widow, and for the support and maintenance of my (his) son, Gustav Dohrenwend, during his minority."

By the third clause of his will, the testator provides that, *immediately after the death of his wife* or her re-marriage, the income of the realty, less taxes, etc., together with the income of the personalty, should be equally divided among his four children, of whom Gustav alone was a minor.

The sixth clause authorizes the testator's executors and trustees to pay, in addition to the weekly sum of $25, before referred to, such additional sums as might be necessary and proper for the education and maintenance of Gustav, *during his minority*.

The widow of the testator is now deceased.

Her surviving co-trustees have continued to advance to Gustav certain sums, amounting in all to $339.91, for his maintenance, claiming that their discretionary authority so to do under the sixth clause of the will, will only cease when Gustav becomes of age.

The contestant in this proceeding insists that such authority was terminated by the death of the testator's widow. The latter position seems to me to be correct, upon careful consideration of the whole will.

The provision for Gustav, although by one clause of the instrument apparently designed to continue during his minority, was, I think, intended by the testator to come to an end upon the death of his wife.

The income was then to be "immediately" distributed, and upon that distribution there would no longer be any need of any special provision for the education and maintenance of the minor.

I hold, therefore, that the income of the estate since the death of the mother, should be distributed equally among the children.

Decreed accordingly.